# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2022 CA 0998

## MARK JOHN FINN

### VERSUS

## RODNEY "JACK" STRAIN, JR.

*Judgment Rendered:* **SEP 1 3 2023**

\*\*\*\*\*\*\*\*

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2020-12111

The Honorable Cornelius E. Regan
Ad Hoc Judge Presiding

\*\*\*\*\*\*\*\*

Antonio MeMon
Covington, Louisiana

Counsel for Plaintiff/Appellant
Mark John Finn

Gwyneth O'Neill
William P. Gibbens
New Orleans, Louisiana

Counsel for Defendant/Appellee
Rodney "Jack" Strain, Jr.

J. Collin Sims
Elizabeth Authement
Covington, Louisiana

Counsel for Defendant/Appellee
State of Louisiana

\*\*\*\*\*\*\*\*

BEFORE: McCLENDON, WELCH, AND LANIER, JJ.

McClendon, J. Concurs for reasons assigned.

**LANIER, J.**

In this appeal, plaintiff/appellant, Mark John Finn, seeks review of the Twenty-second Judicial District Court's judgment sustaining the peremptory exception raising the objection of prescription, and the motion to lift stay and to remove improperly filed *lis pendens*, both filed by the defendant/appellee, Rodney "Jack" Strain, Jr. For the reasons that follow, we affirm in part, reverse in part, and remand pursuant to La. C.C.P. art. 934.

## FACTS AND PROCEDURAL HISTORY

On May 15, 2020, Mr. Finn filed a petition for compensatory and exemplary damages against Mr. Strain, in which Mr. Finn alleged that beginning in 1975, when Mr. Finn was six years old and Mr. Strain was about thirteen years old, Mr. Strain repeatedly abused Mr. Finn sexually by committing numerous sexual acts upon Mr. Finn and forcing Mr. Finn to commit sexual acts upon Mr. Strain, himself, animals, and other children. Mr. Finn alleged that Mr. Strain used force and intimidation for him to commit these acts of abuse, and that this force and intimidation continued into their adult lives, when Mr. Strain used his authority as Police Chief of Abita Springs and later as Sheriff of St. Tammany Parish to enforce Mr. Finn's silence. Mr. Finn further alleged that due to the abuse and manipulation inflicted upon him by Mr. Strain, he has suffered post traumatic stress disorder, extreme emotional distress, depression, bodily injury, loss of income, humiliation, and extreme anger, all of which have led to Mr. Finn's drug use, criminal behavior, and damaged reputation.

On July 29, 2020, the State of Louisiana, through the St. Tammany Parish District Attorney's Office, filed a motion to intervene for purposes of staying all discovery in the lawsuit. In the motion, the State averred that on June 11, 2019, a bill of indictment was filed against Mr. Strain, charging him with felony charges

2

such as first degree rape,[1] aggravated crime against nature,[2] indecent behavior with juveniles,[3] and sexual battery.[4] The matter was at the time pending in the 22nd JDC under docket number 0703-F-2019, and the State requested that the instant litigation and related discovery be stayed since it was directly related to the pending criminal proceeding.[5]

Mr. Strain filed on October 4, 2021 a motion to remove an improperly filed *lis pendens*. The *lis pendens* to which Mr. Strain referred was filed by Mr. Finn on May 20, 2020 in the Parish of St. Tammany against several properties that Mr. Strain owned. Mr. Strain argued that the *lis pendens* was improper because the properties it encumbered had no relation to the instant lawsuit filed by Mr. Finn.

Following a trial by jury, Mr. Strain was found guilty on November 8, 2021 of four counts of first degree rape, two counts of aggravated crime against nature, one count of indecent behavior with juveniles, and one count of sexual battery. Mr. Finn was the victim on one of the counts of first degree rape. On November 19, 2021, Mr. Finn filed exceptions raising the objections of unauthorized use of summary proceeding and nonjoinder of an indispensable party. Mr. Finn argued that Mr. Strain could not seek to dismiss the *lis pendens* through the summary proceeding he requested in his motion, and that a writ of mandamus was the proper proceeding. Further, the writ of mandamus would make the St. Tammany Parish Clerk of Court an indispensable party, and the Clerk was never brought into the lawsuit by any pleading filed by Mr. Finn or Mr. Strain. Also on November 19,

---

[1] In the motion, the State referred to first degree rape as "aggravated rape." Effective August 1, 2015, the offense of aggravated rape has been restyled as first degree rape, with either referring to the same offense. La. R.S. 14:42(E), 2015 La. Acts 256.

[2] In the motion, the State referred to aggravated crime against nature as "aggravated incest." The "aggravated incest" statute was repealed, effective June 12, 2014, and its elements incorporated into La. R.S. 14:89.1(A). 2014 Acts 602.

[3] See La. R.S. 14:81.

[4] See La. R.S. 14:43.1.

[5] The stay was lifted by the trial court in a separate order on January 19, 2021.

2021, Mr. Finn filed a motion for partial summary judgment on the issue of Mr. Strain's liability.

On March 9, 2022, Mr. Strain filed a peremptory exception raising the objection of prescription. He argued that the torts Mr. Finn alleged Mr. Strain committed occurred from the seventies until the early eighties, and at that time, the one-year prescriptive period of La. C.C. art. 3492 applied. He further argued that 2021 La. Acts 322,[6] which became effective June 14, 2021 and revived certain claims involving sexual abuse of minors, did not apply to Mr. Finn's claim because it only revived claims that were barred by the liberative prescription of La. R.S. 9:2800.9,[7] not La. C.C. 3492. Furthermore, Mr. Strain argued that Act 322 does not apply to pending litigation, and alternatively, if it were found that Act 322 did apply to Mr. Finn's claim, the Act was unconstitutional.

In opposition to Mr. Strain's exception, Mr. Finn relied on the language of La. R.S. 9:2800.9, as it was amended on June 14, 2021: "An action against a person for sexual abuse of a minor ... *does not prescribe.*" (Emphasis added) Mr. Finn argued pursuant to the plain meaning of the words in the statute, any action against a person for sexual abuse of a minor, regardless of when the abuse occurred or what prescriptive period applied at the time, does not prescribe. In the alternative, Mr. Finn argued that the doctrine of *contra non-valentum* applied, as Mr. Strain's positions of authority and intimidation methods prevented Mr. Finn from timely filing suit.

The motion to remove the *lis pendens* and the peremptory exception of prescription filed by Mr. Strain, and the motion for partial summary judgment filed

_____

[6] 2021 La. Acts 322 amended La. R.S. 9:2800.9 so that tort actions for sexual or physical abuse of a minor did not prescribe. It also revived for a period of three years from its effective date any such action that had previously prescribed under La. R.S. 9:2800.9.

[7] Louisiana Revised Statutes, 9:2800.9 was originally enacted in 1993. The prescriptive period provided by the statute prior to its revision on June 14, 2021, was ten years from the date the claimant reached the age of majority.

4

by Mr. Finn were heard on April 20, 2022. In a judgment signed on May 24, 2022, the district court sustained the peremptory exception and the granted motion to remove the *lis pendens*, dismissing Mr. Finn's claims against Mr. Strain with prejudice and ordering the St. Tammany Parish Clerk of Court to cancel the notice of *lis pendens* filed by Mr. Finn against Mr. Strain's immovable property. Based on these rulings, the district court found the motion for partial summary judgment to be moot. In its written reasons, the district court stated that since the abuse occurred before La. R.S. 9:2800.9 was enacted, the one-year prescriptive period of La. C.C. 3492 applied. The district court also found that Act 322 did not apply to pending litigation, since the act specifically permitted a party "to file an action." The district court also found that the doctrine of *contra non-valentem* did not apply, as Mr. Finn never made any attempt to seek legal assistance to file suit prior to filing the instant petition. Lastly, the district court found that the *lis pendens* was improperly filed, since actions involving sexual abuse of a minor do not involve immovable property. Mr. Finn has appealed this judgment.

## ASSIGNMENTS OF ERROR

Mr. Finn assigns as error:

1. The district court's interpretation of La. R.S. 9:2800.9(A)(2), in that the present revision of the statute did not revive Mr. Finn's claims against Mr. Strain.

2. The district court's failure to apply *contra non-valentem* to the instant case, when Mr. Finn first sought treatment in 2019 for post-traumatic stress disorder related to the abuse, thereby commencing the prescriptive period in 2019.

3. The district court's order to remove the notice of *lis pendens* from the St. Tammany Parish conveyance records, as well as the district court's failure to join the St. Tammany Parish Clerk of Court as an indispensable party.

5

## DISCUSSION

The Louisiana Supreme Court has recently handed down its opinion on the case *T.S. v. Congregation of Holy Cross Southern Province, Inc. and Holy Cross College, Inc.*, 2022-01826 (La. 6/27/23), ___ So.3d ___, 2023 WL 4195778. The facts of *Holy Cross* are strikingly similar to the facts of the instant case, and *Holy Cross* addresses the same prescription issue. In *Holy Cross*, the plaintiff brought claims against the defendant in Orleans Civil District Court for negligent hiring and supervision and vicarious liability, alleging he had been sexually abused by one of the school's teachers over 55 years earlier, when the plaintiff was eleven years old. The plaintiff relied on Act 322 as the basis for the timeliness of his lawsuit. The defendant filed a peremptory exception raising the objection of prescription. The district court sustained the exception, holding that Act 322 was unconstitutional. *Holy Cross*, *1-2.

The plaintiff appealed directly to the supreme court.[8] Although the supreme court agreed that the plaintiff's claim had prescribed, it disagreed with the district court's constitutional basis for sustaining the exception. Instead, the supreme court found that the claim had prescribed on statutory, non-constitutional grounds. *Holy Cross*, *3. In so doing, the supreme court relied on *Burmaster v. Plaquemines Parish Government*, 2007-2432 (La. 5/21/08), 982 So.2d 795, 802-03, which states, "courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of the constitutional issue is essential to the decision of the case or controversy."

The supreme court concluded that the constitutionality of Act 322 did not have to be addressed since the Act did not express a clear intent to revive prescribed sexual abuse claims that occurred prior to 1993. *Holy Cross*, *3. The supreme court noted that Act 322 specifically addressed prescribed sexual abuse

---

[8] See La. Const. art. V, § 5(D)(1).

6

claims under La. R.S. 9:2800.9, which was enacted in 1993. Since the plaintiff's cause of action arose a considerable time before the enactment of La. R.S. 9:2800.9, it prescribed under the one-year liberative prescriptive period of La. C.C. art. 3492, which was applicable at that time.[9] *Holy Cross*, *4.

While the supreme court recognized that 2022 La. Acts 386, which became effective on June 10, 2022, ostensibly revived any cause of action related to sexual abuse of a minor under any Louisiana prescriptive period,[10] the supreme court noted that the plaintiff's action was filed prior to Act 386's enactment, and that the plaintiff made a constitutional argument under Act 322, not Act 386. The supreme court therefore found that a constitutional argument under Act 386 was not before it. *Holy Cross*, *4-5.

Shifting to non-constitutional grounds, the supreme court found that the plaintiff's claim had prescribed on its face, and that the plaintiff had not satisfied his burden of proving the claim had not prescribed. See *Hogg v. Chevron USA, Inc.*, 2009-2632 (La. 7/6/10), 45 So.3d 998. Therefore, since the plaintiff had not filed suit within one year of the alleged abuse, his claim was prescribed. *Holy Cross*, *5.

The plaintiff in *Holy Cross* also claimed that prescription was suspended under the doctrine of *contra non-valentem*, because he was prevented by the defendant from availing himself of his cause of action, and because the plaintiff was not aware of his cause of action for a considerable amount of time. See *Carter v. Haygood*, 2004-0646 (La. 1/19/05), 892 So.2d 1261, 1286. The plaintiff

---

[9] Louisiana Civil Code art. 3492 states, in pertinent part: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

[10] 2022 La. Acts 386, § 2 states:

Any person whose cause of action related to sexual abuse of a minor was barred by liberative prescription shall be permitted to file an action under R.S. 9:2800.9 on or before June 14, 2024. It is the express intent of the legislature to revive until June 14, 2024, any cause of action related to sexual abuse of a minor that previously prescribed under any Louisiana prescriptive period.

7

claimed he did not realize he had a cause of action until 2021, when he learned of the disclosures of other victims of his abuser. *Holy Cross*, *6. The district court found *contra non-valentem* did not apply to the plaintiff's claim because the plaintiff had actually expressed awareness and understanding of his claim as early as 1982 and as late as 2008, when the plaintiff was no longer a minor. *Holy Cross*, *5.

The supreme court in *Holy Cross* vacated that part of the district court's judgment pertaining to the constitutionality of Act 322, but affirmed the judgment in all other respects. The supreme court also remanded the matter pursuant to La. C.C.P. art 934, to allow the plaintiff to amend his petition. *Holy Cross*, *7.[11]

The issue in the instant case involves the interpretation of statutes. Thus, it is a question of law, and reviewed by this court under a *de novo* standard of review. *Broussard v. Hillcorp Energy Co.*, 2009-0449 (La. 10/20/09), 24 So.3d 813, 815-16. We will also use the *Holy Cross* opinion as guidance on the issue of prescription.

We find the following dates are pertinent in deciding the prescription issue: Mr. Finn was abused by Mr. Strain from about 1975 to 1981, when La. C.C. art. 3492 provided the one-year prescriptive period for his claim. In 1993, La. R.S. 9:2800.9 was enacted. In June of 2019, Mr. Strain was indicted for felony sex crimes, and in July of the same year, Mr. Finn was diagnosed with post-traumatic stress disorder. Mr. Finn filed suit against Mr. Strain in 2020. On June 14, 2021, Act 322 became effective and amended La. R.S. 9:2800.9, but it did not alter its prescriptive period.

---

[11] Chief Justice Weimer dissented in part, stating that the majority should have addressed the constitutionality of Act 322. Justice Crain concurred in part and dissented in part, stating that the district court failed to address the constitutionality of Act 386, and it therefore could be dispositive of the merits of the defendant's exception. He would have therefore remanded the case to the district court for further proceedings. *Holy Cross*, *8.

8

As with the plaintiff in *Holy Cross*, Mr. Finn did not file suit within a year of the abuse. The sexual abuse Mr. Strain inflicted upon Mr. Finn purportedly ended around 1981, and Mr. Finn's claim would have prescribed around 1982, pursuant to La. C.C. art. 3492. Mr. Finn filed suit in 2020 prior to the enactment of Act 322, which revived claims involving sexual abuse of minors that had prescribed under La. R.S. 9:2800.9. Following the reasoning of *Holy Cross*, Mr. Finn's claim is prescribed on its face. Act 322 could not have revived his claim, because his claim prescribed under La. C.C. art. 3492 and not La. R.S. 9:2800.9. The text of a law is the best evidence of legislative intent. La. R.S. 24:177(B)(1); *Red Stick Studio Development, L.L.C. v. State ex rel. Dept. of Economic Development*, 2010-0193 (La. 1/19/11), 56 So.3d 181, 185, n. 7. Therefore, we will not extend Act 322 to actions that prescribed prior to the enactment of La. R.S. 9:2800.9, since the words of Act 322 do not provide for such. Mr. Finn's claim is prescribed on its face, and he has not provided sufficient proof to refute that it has so prescribed. This conclusion is also consistent with the *Holy Cross* opinion.

Mr. Finn further argues that, according to the equitable doctrine of *contra non-valentem*, the prescriptive period should be suspended, so that his filing the instant lawsuit in 2020 would be considered timely. Mr. Finn bases this argument on three points: that, before and while Mr. Strain was an Abita Springs police officer, Abita Springs Chief of Police from 1985 to 1995, and then St. Tammany Parish Sheriff from 1996 to 2016, Mr. Strain was able to use his power and authority to intimidate and prevent Mr. Finn from pursuing legal action; that, until Mr. Strain was indicted in June of 2019, he was still a powerful figure in St. Tammany Parish, and Mr. Finn was fearful of any repercussions that would be brought against him or his family as a result of filing suit; and that, until Mr. Finn was diagnosed with post-traumatic stress disorder in July of 2019, he did not fully realize or understand that he had a cause of action against Mr. Strain.

9

*Contra non-valentem non currit praescriptio* means that prescription does not run against a person who could not bring his suit. *Wells v. Zadeck*, 2011-1232 (La. 3/30/12), 89 So.3d 1145, 1150. Louisiana jurisprudence has long recognized the doctrine of *contra non-valentem* as a means of suspending the running of prescription when the circumstances of a case fall within one of four categories. Those categories are: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. *Id.* The third and fourth categories are applicable to the instant case.

Mr. Finn does not argue that he was never aware that Mr. Strain sexually abused him until liberative prescription had run. Rather, Mr. Finn's argument indicates he was aware of the abuse, since he states that Mr. Strain's positions of authority prevented him from seeking legal action. Mr. Strain was employed by the Abita Springs Police Department from 1985 to 1995. Assuming Mr. Strain could have indeed prevented Mr. Finn from filing suit, Mr. Strain's jurisdiction and authority at that time was only within the city of Abita Springs. Mr. Finn could have sought legal advice and filed suit within the parish of St. Tammany but outside the city of Abita Springs during that time. Therefore, whatever abilities Mr. Strain may have had to prevent Mr. Finn from filing suit would not have extended beyond the city limits of Abita Springs until 1996, when Mr. Strain became the Sheriff of St. Tammany Parish, at which time the action would have

10

already prescribed. Therefore, the doctrine of *contra non-valentem* would be of no benefit to Mr. Finn.

Additionally, we note the provision in La. C.C.P. art. 934,[12] which mandates an amendment to the petition when the grounds of the objection pleaded by the exception may be removed by amendment. We therefore reverse that portion of the judgment dismissing Mr. Finn's claims with prejudice; we remand this case to the district court to allow Mr. Finn, within a delay deemed reasonable by the district court, to amend his petition to remove the grounds of the objection, if possible. See *Holy Cross*, *7; see also *Painter v. Clouatre*, 2021-1462 (La. App. 1 Cir. 6/16/22), 343 So.3d 771, 776.

Since we affirm the trial court's sustaining of the peremptory exception raising the objection of prescription, we pretermit discussion on the notice of *lis pendens* issue at this time, pending any forthcoming amendment to the petition by Mr. Finn.

## DECREE

The judgment of the Twenty-Second Judicial District Court, signed May 24, 2022, is affirmed in part and reversed in part. The matter is remanded pursuant to La. C.C.P. art. 934. All costs of this appeal are assessed to the appellant, Mark John Finn.

**AFFIRMED IN PART, REVERSED IN PART; REMANDED PURSUANT TO LA. C.C.P. ART. 934.**

---

[12] Louisiana Code of Civil Procedure, article 934 states, in relevant part: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court."

11



STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0998

MARK JOHN FINN

VERSUS

RODNEY "JACK" STRAIN, JR.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., concurs.**

I am constrained to agree with the result reached by the majority based on the decision of the Louisiana Supreme Court in **T.S. v. Congregation of Holy Cross Southern Province, Inc. and Holy Cross College, Inc.**, 2022-01826 (La. 6/27/23), ___ So.3d ___, 2023 WL 4195778.